Pridgen v. Callaway

J. C. PRIDGEN AND WIFE, DOLLETHA M. PRIDGEN v. JOHN RAYMOND CALLAWAY AND WIFE, MARGARET C. CALLAWAY, PARTNERS TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF CALLAWAY LAND AND TIMBER COMPANY; CROSSROADS WOODYARDS, INC.; CALLAMAC, INC.; AND ALMON FRANK JOHNSON

No. 794SC255

(Filed 4 December 1979)

**1. Trial § 10.2— court's remarks to witness—no error**

Where the trial court, during plaintiffs' cross-examination of a witness, interrupted to ask the witness if he could read and write, the witness responded that he couldn't and the judge said, "That's what I figured," plaintiffs were not prejudiced since the judge's comment was designed to show what plaintiffs were trying to prove.

**2. Principal and Agent § 4— timber wrongfully cut—instructions to cut given by defendant's agent—sufficiency of proof of agency**

In an action to recover for the wrongful cutting of timber on plaintiffs' land, evidence was insufficient for the jury to consider whether the person who gave the instructions to do the cutting was acting as agent for the individual male defendant or for defendant partnership where it consisted of (1) an equivocal statement by the person who actually cut the wood that the person who ordered the cutting worked for the male defendant, and (2) testimony by a witness that the person who ordered the cutting told him that he worked for the male defendant, and such hearsay statement of an agent to prove his agency should have been excluded from consideration by the jury.

**3. Trespass § 8.2— cutting timber—damages doubled by jury instead of court—no error**

In an action to recover for the wrongful cutting of timber on plaintiffs' land, there was no merit to plaintiffs' contention that the court erred in instructing the jury to determine the amount of damages and then double it to arrive at their verdict, rather than instructing the jury to find the amount of damages and then doubling it himself. G.S. 1-539.1.

APPEAL by plaintiffs from *Smith (Donald L.), Judge.* Judgment entered 31 October 1978 in Superior Court, SAMPSON County. Heard in the Court of Appeals 13 November 1979.

Plaintiffs sued the defendants for the wrongful cutting of timber on the plaintiffs' land. The plaintiffs took a dismissal with prejudice as to the defendant Callamac, Inc., and it was stipulated at the trial that no judgment would be taken against the defendant Almon Frank Johnson. Evidence was offered at the trial that John Raymond Callaway was the chief executive officer of Cross-

roads Woodyards, Inc. which was in the business of purchasing timber. John Callaway and his wife Margaret Callaway were in a partnership which bought real estate for investment. Curtis Deason was employed by Crossroads Woodyards, Inc. to find and purchase timber for the corporation. Mr. Deason testified that he made an agreement with J. C. Pridgen to cut pine and hardwood timber from land owned by the plaintiffs. Mr. Pridgen testified that the agreement was that Mr. Deason would cut only pine timber. Morrell Devone was engaged by Mr. Deason to cut the timber and he was instructed by Mr. Deason to cut hardwood as well as pine. Pine and hardwood were cut. At the close of the evidence, the court granted motions for directed verdicts in favor of defendants John Raymond Callaway and wife Margaret C. Callaway. The jury found that Crossroads Woodyards, Inc. had cut timber on the plaintiffs' land without their consent and permission and that "double the value of such wood" was $1,500.00. From a judgment based on this verdict, the plaintiffs have appealed.

*Jeff D. Johnson III, for plaintiff appellants.*

*Benjamin R. Warrick, for defendant appellees.*

WEBB, Judge.

[1]  The plaintiffs have brought forward three assignments of error. The first deals with a statement made by the judge while the plaintiffs' attorney was cross-examining a witness. The plaintiffs' attorney was questioning the witness in regard to a telephone directory. The witness was having difficulty with his answers and the following colloquy occurred.

> "COURT: Let me ask you this, Mr. Carr: Are you able to read and write?
>
> WITNESS: No sir.
>
> COURT: That's what I figured."

The plaintiffs contend this was an improper comment by the court on the evidence. Plaintiffs concede in their brief that one purpose of the cross-examination was to prove the witness was illiterate. Since the judge's comment was designed to show what the plaintiffs were trying to prove, we hold the plaintiffs did not suffer prejudicial error.

[2]  The plaintiffs' second assignment of error deals with the directed verdict in favor of defendants John Raymond Callaway and Margaret C. Callaway. Plaintiffs contend there was sufficient evidence for the jury to consider whether Curtis Deason was acting as agent for the partnership between the Callaways when Deason made the agreement to cut the timber and when he directed which timber would be cut. He contends this is so since Morrell Devone testified Curtis Deason worked for Mr. Callaway and a witness testified over objection for the plaintiffs that Mr. Deason told him Mr. Callaway was his "bossman." As to the testimony of Morrell Devone, there is no showing that he was familiar with the corporate structure of Crossroads Woodyards, Inc. or the partnership relationship of the Callaways so that he could testify as to who had employed Mr. Deason. There was other evidence that Mr. Deason was employed by the corporation of which Mr. Callaway was chief executive officer. When Mr. Devone said Mr. Deason worked for Mr. Callaway, he could have intended by this statement that Mr. Callaway was his superior within the corporation. In the context of this case, we hold this statement by Mr. Devone as to the employment of Mr. Deason is too equivocal to be considered as evidence that he was employed by the partnership. The testimony of a witness that Curtis Deason told him he worked for Mr. Callaway was a hearsay statement of an agent to prove his agency. It was narrative of a past occurrence and should have been excluded from consideration by the jury. 2 Stansbury, N.C. Evidence, § 169 (Brandis rev. 1973). We hold there was not sufficient evidence for jury consideration that Mr. Deason was acting as an agent for Mr. Callaway or for the Callaway partnership.

[3]  The plaintiffs' last assignment of error deals with the charge to the jury. The court instructed the jury that if they found the plaintiffs had suffered damages, they should double the amount of damages in arriving at their verdict. The plaintiffs contend this was error. They say the jury should have found the amount of damages and this should have been doubled by the court. G.S. 1-539.1 provides:

> (a) Any person, firm or corporation not being the bona fide owner thereof or agent of the owner who shall without the consent and permission of the bona fide owner enter upon the land of another and injure, cut or remove any

valuable wood, timber, shrub or tree therefrom, shall be liable to the owner of said land for double the value of such wood, timber, shrubs or trees so injured, cut or removed.

The parties in their briefs have cited no cases in this jurisdiction, and we have found none in our research which pass on the question as to whether the jury under proper instructions from the court should find double damages or whether the jury should determine the damages ·which should then be doubled by the court. *See* 87 C.J.S., Trespass, § 134(e)(2) (1954) and 111 A.L.R. 79, 102 (1937) for cases on this subject from other jurisdictions. We can find nothing in the statute which requires that the court let the jury determine the damages and then have the court double the damages. We hold the court did not commit error by charging as it did. By this holding we do not mean to imply we would have found error if the court had let the jury determine the actual damages and had doubled the damages as found by the jury.

No error.

Judges VAUGHN and MARTIN (Harry C.) concur.